*295
Curia, per

O’Neall, J.
The argument in this case has been rested on the ground, that the legal estate of the trustee was divested, and the trust fully executed, and therefore, his conveyance was inoperative. There seems to me to be some very mistaken views of our decisions prevalent at the Bar. They perhaps arise from all the decisions not being yet reported; and possibly from general expressions contained in some of the opinions delivered by myself. I know no better mode of putting the matter in a proper point of view, than first, by giving an extract from my opinion delivered in 1832, in the case of Porcher vs. Gist, which had the concurence of Johnson & Harper, the other Judges of the Court of Appeals, and then to recur to the cases of Pringle vs. Allen, and Ford vs. Caldwell, and place them in their proper points of view.
In Porcher vs. Gist, one of the questions made in the Court of Equity, was, whether, under an ante-nuptial settlement, conveying to trustees, for the joint use of husband and wife for life, after the death of either to the use of the survivor, and after the death of the survivor, to the use of the issue of the marriage, personal estate in the possession of the wife was liable to be seized in execution for her debts contracted after she was discovert 1 In reference to that question it was said, “it is true, the statute of uses applies altogether to trust in land, and that makes one distinction between trusts of real and personal estate. In the former, if the trust is not executory, or if it is not necessary to preserve the trust, that the legal estate should remain in the trustee, the statute executes the trust so soon as the deed is executed, and the legal estate vests in cestui que use. In personal estate, the legal estate remains in the trustee, until he executes the trust by delivering the possession to one capable of holding in himself or herself, a legal estate in property to the extent of the interest intended by the deed to be conferred. If the estate is to the use of a married woman, the legal estate remains in the trustee, during her coverture, for she is incapable of herself to hold a legal estate in personalty in possession, which would not vest in the husband. An estate to the joint use of husband and wife during life, may, in order to preserve the trust, not be executed by the delivery of the possession to *296 the husband. But after a feme is discovert, the reason no longer exists, why the trust should not be regarded as executed to the extent of the estate intended to be conferred on her.” In Pringle vs. Allen, 1st Hill's C. R. 135, the same question, under similar circumstances, was presented to the Court of Appeals, and received from the Court the same answer which was given in Porcher vs. Gist. A trust in personalty, is a mere bailment, and looking to the law on that subject, the whole difficulty is removed. The bailor has a general property, the bailee a qualified one. So of trustee and cestui que trust in personalty, the trustee has a general property, and the cestui que trust, the qualified property ; and when to his qualified right of property, possession is added, it is complete to the extent of the interest carved out by the deed. Both are legal estates, and either might maintain trover for the conversion of the chattel by a stranger, as was decided in Watson vs. Pitts, at Columbia, May, 1831. This explanation will, I hope, make the principle on which the Court has proceeded palpable. In Ford, Trustee, vs. Caldwell, the deed there, as that here, was post nuptial, and conveyed to the joint use of husband and wife for life, not subject to their debts, and after the death of either, to the use of the survivor for life, and after the death of the survivor, to the use of the children of the marriage. From the words of the deed it was plain, that the actual possession of the cestui que trust of the slaves, was to accompany the trusts. The deed was made by the husband, he and his' wife were alive, and he had conveyed the slave to the defendant’s intestate. - Speaking of that state of facts, 3 Hill, 249, I said, “ I hold the trust was executed in the husband, at least for his life. For according to the deed, he was entitled to the possession of the slave; having this, he had both the legal and equitable estate for his life. For the trustee had nothing to do with it during this time ; he had delivered the slave to one who was under no legal disability; this was equivalent to a conveyance to him for the time he was to possess it. For the condition annexed to the trust, not to be subject to the debts or contracts of husband and wife, is void. The husband, having both the legal and equitable estate, could transfer it, which he did.” These observations, when read in con- *297 section, with the case, are readily understood. They are the views of a Law Court, applied to the facts before them. The general property was in Ford, trustee ; but he parted with the right to possess it to the cestuique trusts, Swift and wife, for life. At law the wife’s being and rights are merged in the husband, and hence his possession for the joint use of himself and wife for life, made the property, for that time, his entire qualified legal estate, which he conveyed to Chur, and which the trustee at law could not dispute. In Equity, if the purchaser had notice of the trusts, the rights of the wife might possibly be protected.
These explanations are made to place this interesting subject in its proper point of view. In the case before us, there is really no difficulty. It is, in point of fact, a suit at law, for a supposed breach of trust, in a sale made by a trustee. The redress of this injury, (if there is any,) belongs to another forum. The conveyance here, was to the joint use of the husband and wife for life, upon the death of either, to the use of the survivor, and after the death of both, to the use of the children of the marriage, with a power to sell and reinvest, at the request of husband and wife or the survivor of them. The slaves were in the possession of Simons and wife during their ■ joint lives ;■ the wife died, and the husband by deed surrendered his life estate to the trustee, for the use of the children of the marriage, and requested the trustee to sell the said negroes and invest the nett proceeds, (after paying the debts and funeral expenses of Mrs. Simons,) in other property for the children, and to have them educated out of the interest and income, if possible; if not, to apply so much of the share of each to that purpose as might be necessary. Under this authority, the trustee sold on the 2d of November, and Charles Simons, the grantor, died on the 9th. After this statement there can be no doubt that the purchaser’s title is good. For the trustee had not only a legal estate in the property, but he had also a power to sell, and at law the title cannot be disputed. If his power was improperly applied, fraudulently used, or unnecessarily exercised, it may be redressed in Equity against the trustee; and if the purchaser *298 had notice, he, too, may there he reached. The motion is dismissed.
Thompson, for the motion. Kunhardt, contra.
We concur. J. S. Richardson, Josiah J. Evans, A. P. Butler, D. L. Wardlaw.